UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| REESE W BAKER, § | |
| § | |
| Appellant, § | CIVIL ACTION NO. V-11-70 |
| VS. § | CIVIL ACTION NO. V-11-71 |
| § | BANKRUPTCY CASE NO. 08-60098 |
| LOWELL T CAGE, § | BANKRUPTCY CASE NO. 09-60044 |
| § | |
| Appellee. § | |

## MEMORANDUM AND ORDER

Appellant Reese W. Baker, an attorney at Baker & Associates, appeals the bankruptcy court's November 21, 2011 Order requiring him to disgorge all compensation that Debtor James Glen Whitley paid him for representation in two related bankruptcy cases[1] and its December 12, 2011 Order denying him emergency relief. The bankruptcy court based its rulings on Baker's violation of his duty to disclose compensation and Baker's failure to provide any benefit of reasonable value to his client. The disgorgement included not only $12,074 in fees, but also two parcels of land that the Debtor transferred to Baker's wholly owned LLC and that the LLC later purchased for $98,775 at a foreclosure sale. After carefully considering the parties' briefs, oral argument, the law, and the evidence, the Court **AFFIRMS** the bankruptcy court's Orders.

---

[1] The two cases are Case No. 08-60098 and Case No. 09-60044, which are referred to as the "2008 Case" and "2009 Case," respectively.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   **A. The 2008 Bankruptcy Case**

On November 3, 2008, the Debtor, who was facing serious criminal charges, filed a *pro se* petition for Chapter 13 bankruptcy to stop the imminent foreclosure on certain of his income-producing properties.[2] A month later, the Debtor paid $1,800 to retain Baker as his attorney. Baker did not file any pleadings disclosing the receipt of or seeking approval of the retainer. On December 11, 2008, William Heitkamp, the Chapter 13 trustee, moved to dismiss the case based on the Debtor's failure to file documents, including schedules, tax returns, a statement of financial affairs, and a plan. The Debtor did not oppose Heitkamp's motion, and the bankruptcy court dismissed the 2008 Case without prejudice on March 4, 2009. 2008 Case, Docket Entry No. 63.

On March 24, 2009, Baker filed a disclosure of compensation for the $1,800 retainer fee and a Chapter 13 fee application for the 2008 Case, seeking an additional $16,474.62 in fees and expenses. 2008 Case, Docket Entry Nos. 66–67. The court never ruled on the reasonableness of the requested fees; Heitkamp objected to the application on April 13, 2009, and Baker subsequently withdrew his application on June 9, 2009. 2008 Case, Docket Entry Nos. 69 & 72. Baker

---

[2] The facts in this opinion come from various filings in the 2008 and 2009 Cases, including exhibits and bankruptcy documents filed by parties, hearing transcripts, and orders issued by the bankruptcy court. The bankruptcy court's findings of fact are also accepted unless clearly erroneous.

claims that he rendered valuable legal services during the 2008 Case, including substantial fact investigation, numerous consultations with the client in Houston and Edna, attendance at hearings in Victoria, and "serious" financial planning and income analysis. However, the Appellee, the trustee in the latest Chapter 7 case, alleges that Baker had numerous shortcomings relating to the 2008 Case. Specifically, the Appellee alleges that Baker:

- allowed his client to use rental income from income-producing properties without the consent of the secured lenders or the Court as required by 11 U.S.C. § 363(c)(2);

- failed to file a plan of reorganization until January 2, 2009 and filed no motion seeking an extension of time as required by 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 1007(c);

- failed to serve creditors and parties in interest with either of the plans as required by BLR 2002-1(c)(2);

- presented plans that drew objections from nearly all of the creditors secured by income-producing real property; and

- filed no operating reports as required by 11 U.S.C. §§ 1304(c) and 704(a)(8).

Docket Entry No. 15 at 4–5. The Appellee further points out that no creditors were paid by the Debtor or Heitkamp, except for creditors secured by the Debtor's exempt property. *Id.*

### B. The 2009 Bankruptcy Case

In April 2009, the Debtor engaged Baker to file another Chapter 13 case. On April 6, 2009, while Baker's fee application from the 2008 Case was still

pending, the Debtor paid Baker $10,274.  2009 Case, Docket Entry No. 156-1, Ex. 8.  $10,000 of that amount applied to fees that had been incurred in the 2008 Case, and the remaining $274 applied to the filing fee for the new Chapter 13 case.  Baker failed to notify Heitkamp or the Court of his receipt of the $10,000 relating to the 2008 Case until weeks later.

    Baker filed the new Chapter 13 petition on behalf of the Debtor on April 7, 2009 and moved to continue the automatic stay on April 15, 2009.  On April 28, 2009, Baker filed the Debtor's Statement of Financial Affairs, which informed Heitkamp and the court for the first time of the $10,000 payment, but failed to state the purpose of the payment and improperly stated that there was no amount still owing.  2009 Case, Docket Entry No. 27 at 44.

    The 2009 Case suffered from many of the same problems as the 2008 Case.  Baker filed documents late without seeking extensions; he failed to obtain consent for the Debtor to use cash collateral; he failed to meet with Heitkamp's accountant; and he failed to serve creditors and parties in interest with the Chapter 13 plans.  All five Chapter 13 plans that Baker proposed were rejected.  On July 20, 2009, the bankruptcy court dismissed the 2009 Case with prejudice.  Baker moved to change the dismissal of the case to be "without prejudice" on August 3, 2009.  2009 Case, Docket Entry No. 91.

That same day, Baker also filed a fee application for the 2009 Case seeking $9,859.75 in fees and expenses, to which Heitkamp once again objected. 2009 Case, Docket Entry No. 92. On August 27, 2009—the same day that the Debtor was sentenced to life imprisonment for aggravated sexual assault of a child—the Debtor transferred two properties to Baker's wholly owned entity, BK/HSH, LLC, as compensation for fees owed to Baker in connection with the 2009 Case. The properties were subject to liens of two secured creditors, William and Miriam Ackley. Several days later, on September 1, 2009, Baker's LLC purchased the properties for $98,775, the balance owed on the secured notes, at a duly noticed foreclosure sale held by the Ackleys. Baker did not disclose the property transfer or the foreclosure sale purchase to the bankruptcy court or to Heitkamp.

On September 29, 2009, Baker filed an amended fee application seeking $21,659.75 in fees and a disclosure of compensation, which finally explained his receipt of $10,000 in the 2008 Case, but failed to mention the two properties that his LLC received and purchased. 2009 Case, Docket Entry Nos. 103–04. Once again, Heitkamp and various creditors objected to Baker's fee application, and Baker moved to withdraw the application on October 4, 2009.

On October 6, 2009, the bankruptcy court vacated its order of dismissal, reinstated the 2009 Case, and converted it to a Chapter 7 case. 2009 Case, Docket

Entry No. 112.  Appellee Lowell Cage was appointed trustee of the Chapter 7 case on October 15, 2009.

### C. Adversary Proceedings and Disgorgement

On June 4, 2010, Cage filed an adversary proceeding against Baker and BK/HSH, LLC.  The action sought avoidance and recovery of the transfers of $11,800 and the two properties pursuant to 11 U.S.C. §§ 548–50 and for common law breach of fiduciary duty.  Adversary No. 10-6003, Docket Entry No. 1.  On June 30, 2010, the United States Trustee filed a related adversary case seeking denial of discharge under 11 U.S.C. § 727.  Adversary No. 10-6004, Docket Entry No. 1.

Upon the recommendation of the bankruptcy court, the parties agreed to conduct evidentiary hearings under 11 U.S.C. § 329 to determine the value of services rendered by Baker, because that determination could moot the issues of avoidance and recovery under sections 548–50.  Adversary No. 10-06003, Docket Entry No. 42.  Consequently, on February 25, 2011, the bankruptcy court issued, *sua sponte*, an Order to Show Cause "to determine the reasonable value of services rendered by [Baker] to [Debtor] pursuant to 11 U.S.C. § 329(b) in connection with Case No. 08-60098 and Case No. 09-60044, and to show cause whether Baker must disgorge compensation previously paid by the Debtor in connection with these cases."  2009 Case, Docket Entry No. 149.  The parties conducted

evidentiary hearings in connection with that Order on April 8, 2011; June 30, 2011; August 10, 2011; August 16, 2011; and September 15, 2011.

On November 21, 2011, the bankruptcy court ruled on the Order to Show Cause, denying all fees requested by Baker and ordering that all consideration that Baker or Baker's LLC received from the Debtor, including $12,074 and the two properties, be disgorged. 2009 Case, Docket Entry No. 183. The court based its rulings on two independent grounds: (1) that "Baker violated his duty of disclosure"; and (2) that "Baker's services provided no benefit to the Debtor or the estate." 2008 Case, Docket Entry No. 90 at 2.

With respect to duty of disclosure, the bankruptcy court noted that section 329 imposes a duty on attorneys to "file with the court a statement of the compensation paid or agreed to be paid" for services rendered to the bankruptcy estate and that Bankruptcy Rule 2016(b) requires the disclosure of such a statement within 15 days after the order for relief. *Id.* at 9–10 (quoting 11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016(b) (2008)).[3] The bankruptcy court found that Baker violated that duty of disclosure by: (1) disclosing his receipt of $1,800 in the 2008 Case on March 24, 2009, though it was due by December 18, 2008; (2) disclosing his receipt of $10,000 in the 2008 Case on September 29, 2009, though it was due

---

[3] Rule 2016 was amended to require counsel to file a disclosure of compensation within fourteen days after the order for relief; however, the amendment took effect December 1, 2009, after Baker received the compensation from Debtor.

by April 22, 2009; and (3) failing to disclose his entity's receipt of the Debtor's two properties. *Id.* at 10–13. The Court found it immaterial that Baker's LLC, rather than Baker himself, received the property because an attorney seeking compensation has a duty to reveal all financial interests relating to the debtor's case. *Id.* at 11–12 (citing *In re Kuykendahl Place Ass'n, Ltd.*, 112 B.R. 847, 849–50 (Bankr. S.D. Tex. 1989)). The court cited substantial authority from this Circuit and others that such a failure to file timely or adequate disclosures vested it with the authority to order the disgorgement of all compensation received and deny all compensation sought. *Id.* at 12–13 (citing *In re Prudhomme*, 43 F.3d 1000, 1003 (5th Cir. 1995), and other cases).

The bankruptcy court applied the "identifiable, tangible, and material benefit" standard from *In re Pro-Snax Distribs., Inc.*, 157 F.3d 414, 426 (5th Cir. 1998), to determine that Baker's services did not merit compensation under 11 U.S.C. § 330(a). *Id.* at 14–17. The court noted that none of the plans that Baker proposed were confirmed, Baker presented no evidence of any beneficial result to the Debtor or estate, the Debtor failed to receive his discharge, and that the Debtor testified that Baker's services rendered no benefit. *Id.* at 16.

On November 28, 2011, Baker moved for the bankruptcy court to amend its Order to require the Trustee to grant BK/HSH, LLC a lien on the properties to avoid manifest injustice. Baker presented new evidence showing that his LLC paid

money to keep and maintain the transferred properties. The bankruptcy court denied the motion on December 12, 2011, reasoning that the new evidence would not change the outcome of the dispute,[4] the failure to present the evidence was unexcused, and the evidence was irrelevant because the payments were made to retain ill-gotten gains. 2009 Case, Docket Entry No. 190, at 4–6.

## II.   STANDARD OF REVIEW

A district court has jurisdiction to hear an appeal from a bankruptcy court's final judgment or order. 28 U.S.C. § 158(a). The bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous if, after review of all the evidence, the court is "left with a firm and definite conviction that the bankruptcy court erred." *In re McDaniel*, 70 F.3d 841, 843 (5th Cir. 1995). A bankruptcy court's conclusions of law and conclusions on mixed questions of law and fact are reviewed *de novo*. *In re U.S. Bass Corp.*, 171 F.3d 1016, 1021 (5th Cir. 1999). But matters within a bankruptcy judge's discretion, such as the decision to award attorneys' fees or impose sanctions, are reviewed for an abuse of discretion. *In re Pratt*, 524 F.3d

---

[4] In addition to stating that the payments were irrelevant to Baker's failure to disclose his receipt of the properties, the bankruptcy court also noted Baker's potential violation of Texas Disciplinary Rule of Professional Conduct 1.08(a), which prohibits a lawyer from entering into business transactions with a client. 2009 Case, Docket Entry No. 190 at 5 n.2.

580, 584 (5th Cir. 2008) (citing *In re Sadkin*, 36 F.3d 473, 475 (5th Cir. 1994); *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005)). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures . . . , or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d at 539.

### III. ANALYSIS

Baker's blunderbuss appeal presents ten arguments, many of which overlap. He contends that the bankruptcy court erred because it: (1) "exceeded the scope of the [Order to Show Cause];" (2) lacked authority to "order, effectively, the set aside of a foreclosure sale;" (3) deprived Baker and his LLC of due process by improperly "piercing the corporate veil;" (4) deprived Baker and his LLC of money spent at the foreclosure sale and maintenance costs; (5) unjustly enriched the bankruptcy estate; (6) failed to meet the requirements of Federal Rule of Civil Procedure 60(b) in vacating the dismissal of the 2009 Case; (7) could not have found a violation under section 549 because the properties were not part of the bankruptcy estate post-dismissal; (8) could not have found a breach of fiduciary duty because the foreclosure sale purchase did not injure the debtor or benefit Baker; (9) lacked authority to disgorge fees relating to the 2008 Case because that case was never re-opened; and (10) created a significant chilling effect for debtors counsel. Docket Entry No. 14 at 15–36.

Though the Court has considered all of Baker's arguments, in this opinion, it will only address those that Baker's appellate counsel identified at oral argument as the strongest. First, Baker's counsel argued that the bankruptcy court lacked subject matter jurisdiction under 28 U.S.C. § 1334 to order disgorgement because the bankruptcy case had already closed.[5] As an initial matter, the Court notes that this argument only pertains to the fees disgorged in the 2008 Case, because the 2009 Case had not closed when the bankruptcy court issued its Order. Even with the 2008 Case, however, the argument is flawed. Baker cites no authority, and the Court is aware of none, stating that disgorgement under section 329—as a sanction for nondisclosure or for failing to provide a reasonable benefit—is prohibited after a case has been closed. This makes sense; otherwise attorneys could thwart the Bankruptcy Code's system of compensation and hide disclosure of compensation until the closing of a bankruptcy case. Indeed, section 329 provides no cutoff date for disgorgement and applies to compensation "made after one year before the date of the filing of the petition, for services rendered . . . in connection with the case by

---

[5] Baker also made the similar argument that the properties were not part of the bankruptcy estate when they were transferred because the case had been dismissed and therefore were not subject to 11 U.S.C. § 549. The argument is irrelevant, given that the bankruptcy court's disgorgement order was premised on section 329, which pertains to "compensation" and not "property of the estate" as stated in section 549. Regardless, it is well established that money paid to the debtor's counsel in the postpetition period constitutes estate property. *Barron v. Countryman*, 432 F.3d 590, 597 (5th Cir. 2005). Additionally, Baker's statement that he had "no reason to know or believe that the bankruptcy case would be resurrected" appears disingenuous because, when his LLC received the two properties, he was still actively representing the Debtor and his motion to amend the dismissal to be without prejudice was still pending. Docket Entry No. 14 at 32.

such attorney." 11 U.S.C. § 329; *see also In re Menk*, 241 B.R. 896, 911–12 (B.A.P. 9th Cir. 1999) ("The difference between 'closing' and 'dismissing' a bankruptcy case buttresses our conclusion that reopening a closed case is not a jurisdictional prerequisite to subject-matter jurisdiction under § 1334(b). . . . There is, nevertheless, a certain amount of residual jurisdiction that survives even dismissal."); *In re Banks-Davis*, 148 B.R. 810, 813 (Bankr. E.D. Va. 1992) (holding that the bankruptcy court retains jurisdiction to determine nondischargeability of debt even though case has been closed). Thus, the bankruptcy court had jurisdiction to order disgorgement.

Baker also argues that the lack of equity in the properties justified his nondisclosure because it meant that the August 27, 2009 transfers neither helped nor hurt the Debtor or the LLC. But Baker admits that the properties were transferred as compensation for fees owed in the 2009 Case. 2009 Case, Docket Entry No. 198 at 74:14–75:2. The Debtor also testified that the transfer was worth roughly $20,000 in fees, and that the transfer was the only way possible to pay the fees even though he "objected in [his] soul for doing it." 2009 Case, Docket Entry No. 199 at 33:4–35:19. And, even if the properties were only of a *de minimis* nature, the bankruptcy court was acting well within its powers to order disgorgement. *See In re C & C Demo, Inc.*, 273 B.R. 502, 508 (Bankr. E.D. Tex. 2001) ("Bankruptcy jurisprudence is replete with references to the power, authority

and duty of the bankruptcy court to police the disclosure requirements of the Bankruptcy Code and Rules with its sanction powers, including the option to order the disgorgement of all sums received by counsel and the forfeiture of all compensation paid to counsel in a particular case, regardless of whether the undisclosed connections were materially adverse or only of a *de minimis* nature.") (citations omitted).

The fact that the properties were transferred to Baker's LLC rather than to Baker himself does not insulate the properties from disgorgement; in fact, it highlights Baker's efforts to conceal the transfer from the bankruptcy court.[6] Baker's assertion that the bankruptcy court dragged the LLC into this case without process ignores that the LLC was used as an alter ego entity. Baker is the sole member of the LLC. And the Debtor indisputably transferred the properties to the LLC, not Baker, as compensation for the 2009 Case. In any event, as the bankruptcy court correctly noted, Baker was required to disclose *all* connections that he, or any entity with which he was affiliated, had relating to the Debtor's case or else face disgorgement. 2008 Case, Docket Entry No. 90 at 11–12 (citing *In re Kuykendahl Place Ass'n*, 112 B.R. at 849–50; *In re C & C Demo, Inc.*, 273 B.R. at 506); *see also In re Big Rivers Elec. Corp.*, 355 F.3d 415, 443 (6th Cir. 2004)

---

[6] Baker specifically argues that the bankruptcy court's Order violated BK/HSH, LLC's due process by not providing the LLC an opportunity to present evidence and by failing to analyze whether it had authority to pierce the corporate veil.

(affirming disgorgement of fees from examiner's law firm as a sanction for examiner's conduct because they were "essentially the alter ego" of one another).

That the LLC paid $98,775 for the properties at a duly noticed foreclosure sale is also irrelevant.  Contrary to Baker's arguments, the bankruptcy court did not void the September 1, 2009 foreclosure sale; it merely ordered that Baker, on behalf of the LLC, transfer the property that the LLC received from the Debtor to the Trustee because Baker failed to disclose the receipt of that property and failed to provide services meriting the property.  2009 Case, Docket Entry No. 183.  The Court acknowledges that the foreclosure sale purchase and property maintenance costs were losses for Baker or his LLC in light of the bankruptcy court's Orders, but that is the price Baker must pay for concealing his compensation and relevant business dealings from the bankruptcy court and for failing to provide valuable services to his client.  The bankruptcy court has broad discretion in denying attorneys' fees as a sanction for nondisclosure or for excessiveness.  *See In re Prudhomme*, 43 F.3d at 1003.  Disgorgement is not restitution, but an equitable remedy meant to "wrest[] ill-gotten gains from the hands of a wrongdoer" and "prevent the wrongdoer from enriching himself by his wrongs."  *SEC. v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993).  As such, the bankruptcy court's decision not to allow Baker or his LLC to maintain a lien on the properties was appropriate.

The Court has reviewed and rejects the remainder of Baker's arguments. The thorough bankruptcy court record on these issues, developed in large part by the five evidentiary hearings conducted in connection with the order to show cause, reinforces this Court's decision.

## IV. CONCLUSION

The Court therefore concludes that the bankruptcy court did not abuse its discretion or otherwise err by denying compensation requested by Baker and requiring that Baker disgorge the property he had received. Accordingly, the Court **AFFIRMS** the bankruptcy court's November 21, 2011 Order: (1) Denying All Compensation Requested by Attorney Reese Baker; and (2) Requiring Reese Baker to Disgorge Property Transferred to him by the Debtor (2008 Case, Docket Entry No. 91; 2009 Case, Docket Entry No. 183) and the bankruptcy court's December 12, 2011 Order Denying Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59 (2008 Case, Docket Entry No. 98; 2009 Case, Docket Entry No. 190).

SIGNED this 27th day of September, 2012.

_____
Gregg Costa
United States District Judge